IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | C.A. No.: 6:17-cv-1115-MGL-KFM |
| ) | |
| Tiffany Suitt, as Personal ) | |
| Representative of the Estate of ) | |
| Charles Weslie Johnson, ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S** |
| -versus- ) | **LOCAL RULE 26.03 DISCLOSURES** |
| ) | **& PROPOSED DISCOVERY PLAN** |
| Ernest Martin, MD, Sergeant Jascon ) | |
| McCombs, Medical Staff Member ) | |
| Katie Barnes, Medical Staff Member ) | |
| Stephanie Ray and Lieutenant Brian ) | |
| Leonard, ) | |
| Defendants. ) | |

**PLAINTIFF'S LOCAL RULE 26.03 DISCLOSURES & PROPOSED DISCOVERY PLAN**

The Plaintiff, Tiffany Suitt, Individually and as the Personal Representative of the Estate of Charles Weslie Johnson, Deceased, by and through undersigned counsel, submits the following report pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 26.03 Disclosures[1]:

**I.  RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held between the parties on June 6, 2017, and was attended by: Robert W. Jones on behalf of the Plaintiff, and Christopher Antley on behalf of the Defendants.

**II.  RULE 26(f)(1-4) RESPONSES**

---

[1] With consent of Plaintiff, Defendants will be submitting the Rule 26(f) Report.

1. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?

**Please refer to the Proposed Amended Scheduling Order that Plaintiff and Defense Counsel have agreed upon.**

2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

**At this time, Plaintiff believes that discovery will be needed on the following subjects:**

**a.     The Plaintiff's deceased's complete medical history for the time period from five years before the date of incident to the present time, if applicable, including any and all pre-existing medical conditions;**

**b.     All facts surrounding the Plaintiff's deceased's activities before and after the incident during which the Plaintiff's deceased suffered seizure symptoms;**

**c.     The medical care received by the Plaintiff's deceased before and after the incidents involving seizure symptoms;**

**d.     The care rendered to the Plaintiff's deceased during the incident and negligence issues related to the Plaintiff;**

**e.     The knowledge, training, background, and experience that Dr. Martin, Katie Barnes, Stephanie Ray and Lieutenant Leonard had in dealing with individuals similar to Plaintiff's deceased.**

**f.**     Any and all deviations in the standard of care of the Plaintiff's deceased, medically and otherwise, with regard to the treatment and facility; and

**g.**     Plaintiff expressly reserves the right to supplement this response or to seek additional discovery as may be deemed appropriate. The parties have agreed that fact discovery should be completed no later than March 9, 2018, with the understanding that if unexpected issues arise, the parties may need additional time. At this time, the parties do not have any reason to believe that discovery should be conducted in phases or be limited to, or focused upon, particular issues.

3.   What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitation should be imposed.

**The parties agree that no limitations on discovery other than those already contained in the Federal Rules of Civil Procedure need to be imposed at this time. Absent agreement of counsel, discovery requests will be limited to 25 Interrogatories per party and Plaintiff's request will be consolidated into a total of 25 Interrogatories per Defendant.**

4.   Any other orders that should be entered by the court under Rule 26(c) under Rule 16(b) and (c).

**Contemporaneously with these Rule 26.03 disclosures, the parties will file a proposed Amended Conference and Scheduling Order for the Court's consideration.**

### III.  LOCAL CIVIL RULE 26.03 DISCLOSURES BY PLAINTIFF

Plaintiff, by and through undersigned counsel, submit the following disclosures pursuant to District of S.C. Local Civil Rule 26.03:

1. A short statement of the facts of the case.

**Response:**

**On March 20, 2014, Plaintiff's deceased, Charles Weslie Johnson was found to be unresponsive after being placed in a restraint chair at Greenville County Detention Center. He was transported to a local hospital, where he was pronounced dead shortly after arrival. This lawsuit is brought against individual actors involved in the violation of Mr. Johnson's Civil Rights. The Complaint brought by his daughter, Tiffany Suitt as Personal Representative of the Estate of Charles Weslie Johnson, includes Actions for a Violation of Civil Rights 42 U.S.C. § 1983 – Excessive force, Failure to provide medical care, cruel and unusual punishment, and violation of Due Process, under the Fifth, Eight, and Fourteenth Amendments of the United States Constitution, Common Law, in the Constitution of the State of South Carolina. Sergeant Jason McCombs, Medical Staff Member Katie Barnes, Medical Staff Member Stephanie Ray, Dr. Ernest Martin and Lieutenant Brian Leonard have been named both individually and as employees of Greenville County in this matter.**

2. The names of fact witnesses likely to be called and a brief summary of their expected testimony.

**Response:**

**Tiffany Suitt**

Ms. Suitt is the Plaintiff in this action, and Personal Representative of her father's Estate, and is expected to testify regarding any and all facts and issues relevant to the matters at hand or those which may arise at the trial of this case.

The Plaintiff will also call the above named Defendants as witnesses to testify, but they will be called as adverse witnesses so the substance of their testimony is unknown to the Plaintiff at this time.

Plaintiff will be calling relevant treating physicians and medical staff to testify as to their personal knowledge, opinions, and/or observations pertinent to the matters at hand and during the relevant periods at issue.

Plaintiff expressly reserve the right to call any and all representatives of the Defendants to testify as adverse witnesses, as well as any and all witnesses specifically named by the Defendants, the identity of which is not yet known to Plaintiff.  Therefore, the content of their testimony cannot be ascertained by the Plaintiff at this time.

Plaintiff will supplement this response with additional witnesses as determined and deemed necessary, in accordance with the Scheduling Order.

3.    The names and subject matter of expert witnesses.

**Response:**

Lawrence H. Mendel, D.O., FSCP, CCHP

Dr. Mendel can be expected to testify as to the standard of care for treating patients who are suffering from medication/drug withdrawals. The current focus of his clinical practice is rehabilitation and corrections. He routinely cares for,

**examines, diagnoses and treats patients who have been incarcerated similar to that of Mr. Charles Johnson.**

4. A summary of the claims or defenses with statutory and/or case citations supporting the same.

**Response:**

**The claims and supporting statutes/caselaw in this matter consist of but are not limited to the following:**

**A.**  *Brown v. Harris,* **240 F.3d 383 (4th Cir. 2001)***.*

**B.**  *Estelle v. Gamble,* **429 U.S. 97 S.Ct. 285 (1976).**

**C.**  *Stockton v. Wake County,* **173 F.Supp.3d 292 (E.D.N.C 2016).**

5. Special circumstances affecting time frames in the scheduling order.

**Response:**

**Upon information and belief, none exist at this time.**

6. Any special circumstances which would affect the time frames applied in preparing the scheduling order.

**Response:**

**Upon information and belief, none exist at this time.**

7. Additional information requested.

**Response:**

**No additional information is requested at this time.**

PARHAM SMITH & ARCHENHOLD, LLC

<u>s/ Robert W. Jones</u>
S. Blakely Smith (Fed ID No.: 6954)
Robert W. Jones (Fed ID No.: 11021)
Mackenzie G. Brooke Archenhold (Fed ID No.: 9618)
P.O. Box 2800 Greenville, SC  29602
(864) 242-9008
bjones@parhamlaw.com
bsmith@parhamlaw.com
Attorneys for Plaintiffs
